IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA STONEBARGER,                )
INDIVIDUALLY AND AS                 )
REPRESENTATIVE OF THE ESTATE        )
OF VERONICA HOGLE,                  )
et al.,                             )
                                    )
                    Plaintiffs,     )
                                    )
v.                                  )               Case No. 13-cv-2137-JAR-TJJ
                                    )
UNION PACIFIC CORPORATION,          )
et al.,                             )
                                    )
                    Defendants.     )

## MEMORANDUM AND ORDER

Plaintiffs Melissa Stonebarger, individually and as representative of the estate of

Veronica Hogle; Ruth Turner, as next friend of minor K.T.; and Therman Turner, Jr., filed this

action seeking to recover damages for the deaths of Veronica Hogle and Therman Turner.

Therman Turner was driving a truck in which Veronica Hogle was a passenger, and both died

following a collision between the truck and a train that was traveling on Union Pacific's railroad

tracks.  This matter is before the Court on Defendants' Motion to Compel Discovery (ECF No.

42).  Pursuant to Fed. R. Civ. P. 37, Defendants ask the Court to overrule Plaintiffs' objections

and order Plaintiffs to produce all documents responsive to Request Numbers 44 and 45 of their

First Requests for Production of Documents to Plaintiffs.[1]  As set forth below, Plaintiffs'

objections to the discovery requests are overruled and Defendants' motion is granted as modified

by the Court.

---

[1] Defendants also moved to compel Plaintiffs to produce documents in response to Request
Number 39 of Defendants' First Requests for Production of Documents, but Defendants report that
the parties have reached an agreement with respect to those documents.  *See* ECF No. 68 at 2 n.1.

## I.      Relevant Background

Defendants served their First Requests for Production of Documents to Plaintiffs on

October 16, 2013.[2]  Plaintiffs served their responses and objections on November 18, 2013.[3]

After conferring with Plaintiffs to resolve the issue without court action, as required by Fed. R.

Civ. P. 37(a)(1) and D. Kan. Rule 37.2, Defendants filed the instant Motion to Compel

Discovery.

## II.     Specific Discovery Request at Issue

Defendants request in their motion that the Court order Plaintiffs to produce documents

responsive to their First Requests for Production Nos. 44 and 45.

### A.      Request No. 44

Defendants seek to compel Plaintiffs to produce documents responsive to their First

Requests for Production No. 44, which asks that Plaintiffs produce the account data for each

Facebook.com account which Plaintiffs maintain, for the period of October 29, 2012 through the

present.  Each Plaintiff asserted the following objection:

> Plaintiff objects to this request because it is overbroad, unduly burdensome and
> harassing in nature.  Plaintiff further objects to this request because it seeks to
> violate plaintiff's right to privacy and seeks to violate the attorney-client privilege
> and the work product privilege.  Plaintiff objects because this request seeks
> information not likely to lead to the discovery of admissible evidence, and thus it
> is not relevant.[4]

---

[2]*See* Defendants' Certificate of Service (ECF No. 19).

[3]*See* ECF Nos. 44-2 (Plaintiff Ruth Turner); 44-3 (Plaintiff Therman Turner, Jr.); 44-4
(Plaintiff Melissa Stonebarger).

[4]The quoted language is from the objections of Plaintiffs Ruth Turner and Therman Turner,
Jr.  Plaintiff Melissa Stonebarger's objection is the same except that it does not include attorney-
client privilege, work product doctrine, or that the request is harassing in nature.

**B.      Request No. 45**

Defendants also seek to compel Plaintiffs to produce documents responsive to their First Requests for Production No. 45, which asks that Plaintiffs produce all photographs posted, uploaded or otherwise added to any social networking sites or blogs, since the date of the accident alleged in the complaint, including photographs posted by others in which Plaintiff has been identified.  Each Plaintiff asserted the following objection:

> Plaintiff objects to this request because it is overbroad and unduly burdensome. Plaintiff further objects to this request because it seeks to violate Plaintiff's right to privacy.  Plaintiff objects because this request seeks information not likely to lead to the discovery of admissible evidence, and thus it is not relevant.  Subject to, and without waiving the foregoing objections, plaintiff has produced and will continue to produce, relevant photos.

No party has discussed the type or number of photos that plaintiffs have produced pursuant to this Request.

**III.      Summary of the Parties' Arguments**

Plaintiffs, who bring wrongful death claims, seek a variety of damages including damages for pecuniary loss; mental anguish; loss of companionship, education, and physical and moral training; and loss of protection, guidance, services, attention, care, advice, and support.[5] In their motion, Defendants argue that Plaintiffs' Facebook records could contain relevant materials including evidence substantiating Plaintiffs' damages claims and Defendants' defenses thereto.  Defendants assert that Plaintiffs have stated mere boilerplate objections to these Requests, and that those objections are contrary to the majority of cases addressing the discoverability of Facebook materials.  Defendants point out that they are not seeking unfettered

---

[5]Amended Complaint, ECF No. 5 at 5-7.

-3-

access to Plaintiffs' entire Facebook accounts, but only to material created since October 29, 2012, the date of the incident.  In addition, Defendants have asked that Plaintiffs download and produce the requested material; they do not seek to have direct access to Plaintiffs' Facebook accounts.  Defendants also posit that Facebook accounts are not private, regardless of Plaintiffs' account settings.  Accordingly, Defendants contend that the Requests are not overbroad and that no undue burden exists.  Finally, Defendants argue that Plaintiffs cannot meet the burden necessary to show that their Facebook accounts are  privileged attorney-client or work product documents.

In their response to Defendants' motion, Plaintiffs assert that Defendants have not shown how Plaintiffs' private Facebook account information is relevant.  Plaintiffs offer no argument in support of their objections that the Requests seek documents which are protected by the attorney-client privilege or the work-product doctrine, and the Court considers Plaintiffs to have abandoned those objections.[6]

Defendants counter that the standard for relevancy in the context of discovery is broadly construed to include documents as to which there is any possibility that the information sought may be relevant to the subject matter of the action,[7] and that there is at least a possibility that Plaintiffs' Facebook records may contain information relevant to Plaintiffs' damages claims.  Defendants further contend that Facebook records from a "private" setting are no less relevant or

---

[6]*See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) (in ruling on motion to compel, objections that were not both timely asserted and included in response to motion deemed abandoned) (citing *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005)).

[7]*See Kear v. Kohl's Dep't Stores, Inc.*, 12-CV-1235-JAR-KGG, 2013 WL 3088922, at *1, (D. Kan. June 18, 2013).

shielded from discovery, and that the proper way for Plaintiffs to address their privacy concerns is through a protective order, not by refusing to produce the records.

## IV.     Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.  It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[8]  Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[9]  Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[10]  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[11]

When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary

---

[8]Fed. R. Civ. P. 26(b)(1).

[9]*McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008).

[10]*Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

[11]Fed. R. Civ. P. 26(b)(1).

presumption in favor of broad disclosure.[12]   Conversely, when the relevancy of the discovery

request is not readily apparent on its face, the party seeking the discovery has the burden to show

the relevancy of the request.[13]   Relevancy determinations are generally made on a case-by-case

basis.[14]

In this wrongful death action, the Court does not find that the relevancy of the documents

called for by Request Nos. 44 and 45 is apparent on its face.  Defendants offer a single sentence

to describe the relevancy of all of Plaintiffs' Facebook data – whether public or private – from

October 29, 2012 to the present:

> Plaintiffs' Facebook records could contain all manner of relevant materials,
> including but not limited to evidence substantiating Plaintiffs' mental anguish,
> loss of companionship, loss of protection, guidance, services, attention, care,
> advice, and support claims, as well as Defendants' defenses thereto.[15]

Defendants' conclusory statement as to what the data "could" contain begs the question

as to what irrelevant material could also be contained therein.  Obviously, the latter category is

of unlimited scope.  On the other hand, the vagueness of Defendants' statement makes it difficult

to dispute.  At this point in the analysis, however, Defendants have the burden to show in a less

conclusory fashion that the discovery sought is relevant and is not, as Plaintiffs suggest, "nothing

more than a fishing expedition."[16]

---

[12]*Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[13]*McBride*, 250 F.R.D. at 586.

[14]*Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[15]ECF No. 44 at 9.

[16]ECF No. 63 at 5.

Plaintiffs represent that they have offered to provide their public Facebook postings, but that Defendants have continued to seek all of Plaintiffs' posting information, which would include "private messaging conversations between two individuals, private e-mails, and other postings only intended for private viewing by others and not in a public atmosphere."[17]  Plaintiffs rely on a single case, *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D 387 (E.D. Mich. 2012), in support of their position that their private Facebook postings are not discoverable.

*Tompkins* is a personal injury case in which defendant sought plaintiff's private Facebook postings.  Although the opinion does not recite plaintiff's objection(s), it appears that she objected to the discovery on the grounds of privilege, privacy, relevancy, and overbreadth.[18]  The court found that such postings are not protected under theories of privilege or privacy, but that defendant had not made a sufficient predicate showing that the postings were reasonably calculated to lead to the discovery of admissible evidence.[19]  Moreover, the court found that the request for plaintiff's entire Facebook account was overly broad.[20]

Although the decision supports Plaintiffs' position, *Tompkins* is of limited value in this case because it does not set forth the arguments of the movant and opponent and thus provides no means to determine whether it is sufficiently similar so as to offer persuasive authority. Defendants cite a number of cases from this District and others which address the discoverability of Facebook records, but Defendants' failure to offer a more detailed theory of relevancy in this

---

[17]ECF No. 63 at 3.

[18]*Tompkins*, 278 F.R.D. at 388-89.

[19]*Id.* at 389.

[20]*Id.*

case makes it difficult to conclude that any of the cases are more directly on point.  The Court is aware that at least four cases in this District have overruled (in whole or in part) objections to discovery requests for social networking site data and compelled either full or limited production.[21]  There is no indication in three of those cases that the requesting party asked for private postings, and the Court presumes that they did not.  As noted above, Plaintiffs have offered to provide Defendants with their non-private Facebook postings; those three cases would compel nothing more.

In the fourth case,[22] an employment discrimination action, defendant requested documentation of all of plaintiff's activity on certain social networks.[23]  Plaintiff produced some documents but objected to further production on relevancy and privacy grounds, asserting that defendant was seeking his most personal information that had nothing to do with the lawsuit.[24]  Defendant argued that the information was relevant for two reasons: (1) it provides a contemporary diary of plaintiff's activities, thoughts, mental/emotional condition, and actions relating to plaintiff's claim for damages arising from emotional distress; and (2) it may support defendant's defense that plaintiff abused his FMLA leave.[25]  Magistrate Judge O'Hara discussed

---

[21]*Smith v. Hillshire Brands,* No. 13-2605-CM, 2014 WL 2804188 (D. Kan. June 20, 2014); *Fox v. Transam Leasing, Inc.*, No. 12-2706-CM-GLR, 2013 WL 5276111 (D. Kan. Sept. 18, 2013); *Kear v. Kohl's Dep't Stores, Inc.,* No. 12-1235-JRA-KGG, 2013 WL 3088922 (D. Kan. June 18, 2013); *Held v. Ferrellgas, Inc.,* No. 10-2393-EFM, 2011 WL 3896513 (D. Kan. Aug. 31, 2011).

[22] *Smith v. Hillshire Brands,* No. 13-2605-CM, 2014 WL 2804188 (D. Kan. June 20, 2014).

[23]Defendant's request included plaintiff's complete profile on Facebook, MySpace, and Twitter.  2014 WL 2804188, at *3.

[24]2014 WL 2804188, at *3.

[25]*Id.* at *4.

how various courts have treated requests for social networking activity where plaintiff has made an emotional distress claim, and determined that the best approach is "to allow defendant to discover not the contents of plaintiff's entire social networking activity, but any content that reveals plaintiff's emotions or mental state, or content that refers to events that could reasonably be expected to produce in plaintiff a significant emotion or mental state."[26]  Such an approach would provide an appropriate balance between allowing defendant to discover information relevant to plaintiff's emotional state (which plaintiff put at issue), and protecting plaintiff from a fishing expedition.[27]

The Court concludes that, based on the issues in this case and the parties' arguments, such an approach is sound.  Plaintiffs have offered to produce documents responsive to Request Nos. 44 and 45 insofar as they seek public postings on Plaintiffs' Facebook accounts, and the Court grants Defendants' motion to compel with respect to such documents.  Insofar as Request Nos. 44 and 45 seek private postings on Plaintiffs' Facebook accounts, Plaintiffs need only produce documents which relate or refer to (1) their claims for damages for mental anguish, loss of companionship, loss of protection, guidance, services, attention, care, advice, and support, and (2) Defendants' defenses to those claims.[28]

---

[26]*Id.* at *6.

[27]*Id.*

[28]The Court need not address the issue of whether Plaintiffs' Facebook content should be shielded from discovery because Plaintiffs maintain private settings on their accounts, although the Court does not believe that any information posted on Facebook qualifies as private.  The Court also notes that Defendants raise the availability of a properly drafted protective order should Plaintiffs perceive a need to protect their privacy and confidentiality.

The Court finds that Plaintiffs' objections are substantially justified and thus declines to order payment of Defendants' reasonable expenses incurred in making this motion.[29]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (ECF No. 42) is **GRANTED** on the terms set forth herein.  **Within 14 days of the date of this order**, Plaintiffs shall produce all documents responsive to Defendants' First Requests for Production of Documents Nos. 44 and 45.

IT IS SO ORDERED.

Dated this 2nd day of July, 2014, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge

---

[29]*See* Fed. R. Civ. P. 37(a)(5)(A)(ii).