IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA STONEBARGER,                    )
INDIVIDUALLY AND AS                     )
REPRESENTATIVE OF THE ESTATE            )
OF VERONICA HOGLE,                      )
et al.,                                 )
                                        )
                    Plaintiffs,         )
                                        )
v.                                      )        Case No. 13-cv-2137-JAR-TJJ
                                        )
UNION PACIFIC CORPORATION,              )
et al.,                                 )
                                        )
                    Defendants.         )

**<u>ORDER</u>**

This matter is before the Court on Defendants' Motion to Reconsider (ECF No. 104),[1] in

which Defendant Union Pacific Railroad Company urges the Court to reconsider its earlier order

and to sustain Defendant's objections to producing documents pursuant to Plaintiffs' Request for

Production No. 67.[2]  Defendant further asks the Court to stay discovery as it pertains to Request

No. 67 pending the presiding District Judge's ruling on Defendant's summary judgment motion.

Upon consideration of the matter, the Court denies Defendant's motion to reconsider and denies

the motion to stay.

<u>Legal Standards</u>

Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must

file a motion within 14 days after the order is filed, unless the Court extends the time.  The Court

---

[1] On August 19, 2014, the parties filed a joint stipulation dismissing Defendant Union Pacific Corporation.  Accordingly, the instant motion pertains to the only remaining Defendant, Union Pacific Railroad Company.

[2] *See* Memorandum and Order (ECF No. 81).

granted Defendant's request for an extension of time in which to file its motion,[3] and Defendant filed the motion within the allotted time.  It is therefore timely.

A motion to reconsider a non-dispositive order must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.[4]  A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.[5]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[6]  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[7]  Whether to grant a motion to reconsider is left to the Court's discretion.

<u>Discussion</u>

Defendant does not contend that an intervening change in controlling law supports its motion.  Instead, Defendant's primary argument focuses on preventing manifest injustice that it claims would result if it is forced to comply with the Court's order.  Defendant both asserts that

---

[3] *See* ECF No. 97.

[4] D. Kan. Rule 7.3(b).

[5] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

[6] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[7] *Cline v. S. Star Cent. Gas Pipeline, Inc.,* 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

the Court should consider new evidence[8] and denies that any such new evidence exists.[9]  In the

end, it is not new evidence that Defendant presents, but instead a request that the Court consider

new arguments.  Defendant is asking the Court for a second chance to make arguments that it

could have made but failed to make in the first instance.

The starting point of Defendant's Motion to Reconsider is its portrayal of Request No. 67 as

being "unlimited in temporal scope" until the Court intervened by modifying and limiting the

request.[10]  According to Defendant, it "had no ability to respond with specific evidence or

affidavits"[11] to support its objections because on its face, Request No. 67 could have extended

"all the way back to UP's inception in 1862."[12]  Moreover, Defendant asserts, "Plaintiffs

consistently refused to provide any limitation."[13]

The Court rejects the premise of Defendant's argument because the record does not support

it.  Plaintiffs requested that Defendant produce "each and every version of your accident

investigation guidelines manual **as discussed in the July 11, 2004 New York Times article**,"[14]

---

[8] *See* Defendants' Memorandum in Support of Motion to Reconsider (ECF No. 105) at pp. 2, 12, 13, 14, 17, 21 (each referring to "new evidence" presented in the motion, including statement on page 13 that "UP respectfully implores the Court to reconsider its Memorandum and Order as it pertains to Request No. 67 in light of this new evidence.").

[9] *See* Defendants' Reply in Support of Motion to Reconsider (ECF No. 113) ("To begin, UP is not claiming that new evidence has emerged, or that the Court's Order establishing a temporal limitation for Plaintiffs' Request is itself new evidence.").

[10] ECF No. 105 at 2.

[11] *Id.*

[12] *Id.* at 9.

[13] *Id.*  at 10.

[14] *See* ECF No. 43-3 at 28 (emphasis added).

and Plaintiffs attached a copy of the article to their request.  The Court did not change Plaintiffs'
request or give it temporal scope; instead, the Court spelled out the exact discussion from the
newspaper article which was in and of itself quite explicit.  The article described a new
philosophy that Michael H. Walsh brought to UP from the mid-1980's until the early 1990's, and
stated that the new philosophy "was embodied in a company manual, 'Accident Investigation
Guidelines.'"[15]  While Defendant may have chosen to interpret the request as seeking its
accident investigation guidelines manuals since 2004,[16] Defendant points to no evidence that
Plaintiffs were responsible for that interpretation.  To the contrary, Plaintiffs explained that the
request "is limited to UP's previous accident investigation manuals as mentioned in the July 11,
2004 New York Times article."[17]  Nor is there evidence to support Defendant's assertion that
Plaintiffs "consistently refus[ed] to narrow the scope of Request No. 67 to some reasonable
period of time."[18]  In fact, Defendant points to no instance in which it asked Plaintiffs to narrow
the temporal scope of the request.

More troubling, however, is the clear indication from the parties' submissions that in 2003
UP stopped producing any version of the manual Plaintiffs seek, yet in this lawsuit Defendant
unmistakably takes the position that the manual continued to exist after 2004 to the present.[19]

---

[15] *See* ECF No. 109-2 at 6.

[16]*See, e.g.*, letter dated March 11, 2014 from Defendant's counsel to Plaintiffs' counsel (ECF No. 62-3) at 3 ("The documents sought . . . from July 11, 2004 to the present").

[17] ECF No. 43-3 at 28.

[18] *See* ECF No. 105 at 12.

[19] In the affidavit attached to Defendant's Memorandum in support of its motion (an affidavit which contains many newly revealed facts, all of which Defendant could have presented in the first instance in relation to the original motion to compel), the UP Regional Director of Risk Management states that UP "has not used any version of its 'Accident Investigation Guidelines'

Much of Defendant's argument arises from its professed inability to comply with the document request because of the vast time frame it covered. Request No. 67 was well within Defendant's ability to comprehend. Defendant chose to make boilerplate objections to producing the documents. The Court overruled those objections. Defendant has presented no evidence or arguments that it could not have made in response to Plaintiffs' motion to compel. The Court does not find clear error to correct or that a need exists to prevent manifest injustice.

Furthermore, the Court declines to stay discovery with respect to Request No. 67 until Defendant's pending motion for summary judgment is decided. Plaintiffs served this discovery request over one year ago. The Court has determined that the request seeks relevant and discoverable information, and has ordered Defendant to produce a privilege log with respect to its claims of privilege. The fact that Defendant has filed a motion for summary judgment has no bearing on the Court's order. Defendant has not shown a compelling reason to stay discovery in this case; they have not clearly shown that their pending summary judgment motion will likely dispose of the case, and the Court has overruled Defendant's boilerplate objections.[20]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider (ECF No. 104) is **DENIED.** Defendant shall provide to Plaintiffs a privilege log which provides sufficient information to allow Plaintiffs to assess the claimed privileges with respect to documents

---

that may have been in effect from the mid-1980's to July 2004 for nearly a decade." ECF No. 105-2 at 3. He later refers to "how long ago" the "Accident Investigation Guidelines" were used. *Id.* His continuous reference to the document in the past tense is consistent with the remark in the New York Times article that UP took the "Accident Investigations Guidelines" manual out of service in 2003.

[20] *See Hammer v. Sam's East, Inc.*, No. 12-2618-CM-GLR, 2013 WL 3225847, at *1 (D. Kan. June 25, 2013).

responsive to Plaintiffs' First Requests for Production of Documents Number 67, **within ten (10) days of the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED THAT** Defendant shall provide to Plaintiff those documents not claimed as privileged which are responsive to Plaintiffs' First Requests for Production of Documents Number 67, **within ten (10) days of the date of this Memorandum and Order.**

Dated this 16th day of October, 2014 at Kansas City, Kansas.

s/  Teresa J. James
Teresa J. James
United States Magistrate Judge