IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MELISSA STONEBARGER, | ) | |
| INDIVIDUALLY AND AS | ) | |
| REPRESENTATIVE OF THE ESTATE | ) | |
| OF VERONICA HOGLE, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-2137-JAR |
| | ) | |
| UNION PACIFIC CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Conduct Additional

Discovery (ECF No. 115).  In their motion, Plaintiffs seek leave to conduct certain depositions

beyond the close of discovery, which occurred on July 7, 2014.  Defendant Union Pacific

Railroad Company ("UP") opposes the motion.  Upon consideration of the matter, the Court

determines that Plaintiffs' motion should be denied.

Background

On July 15, 2013, the Court entered the original Scheduling Order in this case, with a

discovery deadline of March 31, 2014.[1]  On November 13, 2013, with Defendants' consent,

Plaintiffs moved to amend the Scheduling Order.[2]  The Court entered an Amended Scheduling

Order which extended the discovery deadline until April 30, 2014.[3]  The parties moved once

---

[1] ECF No. 11.

[2] ECF No. 21.  As of that date, there were two Defendants in this case.  Defendant Union Pacific Corporation was dismissed on August 19, 2014 (ECF No. 98).

[3] ECF No. 23.

again to amend the Scheduling Order,[4] and on December 23, 2013, the Court entered a third Amended Scheduling Order which calls for discovery to close on July 7, 2014.[5]

On October 14, 2014, the Court entered the Pretrial Order in this case.[6]  The Pretrial Order recites the then-expired July 7, 2014 discovery deadline and notes the parties' agreement that discovery was complete, with the exception of eight depositions that the parties agreed to conduct before December 31, 2014.[7]  As for any additional discovery, the Pretrial Order notes that (1) unopposed discovery may continue if all parties agree to it, (2) the Court will not resolve disputes related to any such discovery, (3) discovery will not cause delay in dispositive motion briefing or ruling or other pretrial preparations, and (4) Plaintiffs wish to conduct additional discovery while Defendant opposes their effort.[8]

In their motion, Plaintiffs now seek leave to conduct the additional discovery they referred to during the Pretrial Conference.  Specifically, Plaintiffs wish to depose individuals who were involved in what they describe as a substantially similar train vs. vehicle incident at the same crossing in May of 2011, as well as a corporate representative from Union Pacific to "discuss policies and procedures for railway safety at grade crossings."[9]  Defendant opposes both requests.

Legal Standards

---

[4] ECF No. 29.  Plaintiff included in their Motion two other categories of proposed deponents, but in their Reply brief they abandoned those requests.  *See* ECF No. 125 at 2-3.

[5] ECF No. 31.

[6] ECF No. 120.

[7] *Id.* at 14.

[8] *Id.* at 15.

[9] *See* ECF No. 116 at 3.

Plaintiffs offer nothing more than a citation to D. Kan. Rule 6.1(a), which addresses extensions of time to perform an act, to support their effort to depose non-party witnesses and a corporate designee pursuant to Fed. R. Civ. P. 30(b)(6).  Plaintiffs do not discuss the application of Rule 6.1(a) to their motion or state the legal standard the Court is to apply.  Defendant points out, however, that the rule requires a party to file a motion "before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."[10]  Defendant sets forth factors it asserts are relevant to the Court's determination of excusable neglect and argues that Plaintiffs have not satisfied them.  Defendant also argues against the specific depositions Plaintiffs propose.

While Local Rule 6.1(a) arguably applies to Plaintiffs' motion because it addresses requests for extensions of time, the Court concludes that Plaintiffs' motion is more appropriately governed by Fed. R. Civ. P. 16(b)(4).[11]  Rule 16(b) sets forth requirements relating to Scheduling Orders, including a mandatory limit on time for the parties to conduct discovery.[12]  Rule 16(b) also contemplates amendments to Scheduling Orders, as it specifies that "[a] schedule may be modified only for good cause and with the judge's consent."[13]  Plaintiffs' motion seeks relief which would result in amending a deadline in the Scheduling Order entered in this case, and thus Rule 16(b) is the most closely applicable authority.  Accordingly, the Court will apply a good cause standard to Plaintiffs' motion.

---

[10] D. Kan. R. 6.1(a).  *See also* Fed. R. Civ. P. 6(b)(1)(B) (excusable neglect required for motion made after time has expired).

[11] Magistrate Judge Donald W. Bostwick reached this same conclusion in *Price v. Brian*, Case No. 07-1046-JTM (D. Kan. February 12, 2010), where Plaintiff moved to reopen discovery after the discovery cutoff set in the Scheduling Order.

[12] *See* Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties, amend the pleadings, [and] complete discovery.").

[13] Fed. R. Civ. P. 16(b)(4).

"The 'good cause' standard primarily considers the diligence of the party seeking the amendment." . . . The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. The lack of prejudice to the nonmovant does not show "good cause." The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadlines.[14]

Analysis

Plaintiffs offer little that could be construed as a showing of good cause. In their motion, the closest they come to addressing the issue is to state that "[i]t is impractical and prejudicial upon Plaintiffs' case to not allow additional discovery which may directly impact the outcome of this case."[15] In their reply, Plaintiffs do refer to "excusable neglect" as they address Defendant's assertion that Plaintiffs did not show excusable neglect for their failure to timely notice the depositions. With respect to the individuals involved in the 2011 collision, Plaintiffs contend that they have just reached them in spite of trying to contact them during the discovery period.[16] As for a corporate designee, Plaintiffs state that they did not notice that deposition during the discovery period because they were awaiting Defendant's production of accident investigation manuals, which have been the subject of numerous motions as Defendant resisted their production. Plaintiffs assert that it would have been senseless to take a corporate representative's deposition without the proper documents.[17]

Plaintiffs have not satisfied their burden of showing good cause to belatedly depose the individuals involved in the accident. Clearly Plaintiffs were aware of the identities of the

---

[14] *Deghand v. WalMart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted).

[15] ECF No. 116 at 3.

[16] *See* ECF No. 125 at 4.

[17] *Id.* at 3-4.

individuals involved in the earlier accident, as they admit efforts to contact them during the discovery period.  Plaintiffs apparently did not serve subpoenas on any of these individuals, nor did they provide notices of deposition which at least would have established their desire to take the depositions.  Had Plaintiffs taken some timely action to notify Defendant that they intended to depose these individuals, the parties could have discussed those depositions with the Court during the Pretrial Conference.  Significantly, the Pretrial Order includes as permissible outstanding discovery eight depositions that the parties had agreed to take by the end of December.  As it stands, Plaintiffs' silence does not constitute good cause.

Likewise, Plaintiffs fail to show good cause why they made no effort to depose a designee of Defendant within the discovery period.  While the Court understands that a Rule 30(b)(6) deposition taken before July 7, 2014 would not have produced all of the documents and testimony that Plaintiffs seek because Defendant had yet to produce certain documents, that does not allow Plaintiffs to ignore the discovery deadline.  Plaintiffs concede that they did not notify Defendant – by way of either notice of deposition or informal notice – of their intent to conduct such deposition.[18]  Moreover, Plaintiffs have yet to "describe with particularity the matters for examination" as required by Rule 30(b)(6), leaving Defendant uncertain as to who it is being asked to produce.  Plaintiffs should have provided Defendant with notice of deposition, thereby preserving their right to examine Union Pacific as to specific matters.  The Court finds wholly insufficient Plaintiffs' explanation for their failure to mention the deposition until three months after discovery closed and after the final Pretrial Conference has been conducted.[19]

---

[18] *See* ECF No. 125 at 3 ("Plaintiffs have not asked for this deposition yet solely because of UP's objections and obstruction to producing certain information.").

[19] The Court notes that it would reach the same conclusion under an excusable neglect standard, which considers the following factors:  (1) danger of prejudice to the non-moving party; (2) length of delay and its

For the foregoing reasons, the Court denies Plaintiffs' motion.

Defendant has filed a motion seeking leave to file a sur-reply with respect to Plaintiffs' motion.[20]  Because the Court has had no need to consider Defendant's proposed sur-reply, the Court denies the motion.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Conduct Additional Discovery (ECF No. 115) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Sur-Reply to Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Leave to Conduct Additional Discovery Beyond Discovery Deadline (ECF No. 131) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 6th day of November, 2014 at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge

---

potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385.  Excusable neglect is an equitable standard, and the Court has discretion in weighing these factors.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).  The Court finds that Defendant would be prejudiced by granting this motion when discovery has been closed since July and it had no notice that Plaintiffs were contemplating these depositions.  The delay in providing notice and preserving the right to conduct this discovery was completely within Plaintiffs' control.  The Court does not question Plaintiffs' good faith, but the other factors preclude a finding of excusable neglect.

[20] ECF No. 131.