IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA STONEBARGER,                    )
KIATONA TURNER, AND                     )
THERMAN TURNER, JR.,                    )
                                        )
                 Plaintiffs,            )        Case No. 13-2137-JAR-TJJ
                                        )
vs.                                     )
                                        )
UNION PACIFIC RAILROAD                  )
COMPANY,                                )
                                        )
                 Defendant.             )
_____ )

## MEMORANDUM AND ORDER

Plaintiffs Kiatona Turner and Therman Turner, Jr. bring this wrongful death and survival action to recover damages arising from the collision between a Union Pacific train and a pickup truck operated by their father, Therman Turner.  Melissa Stonebarger brings this action individually and as the Representative of the Estate of Veronica Hogle, to recover for the wrongful death and survival of her daughter, who was a passenger in Mr. Turner's vehicle.  The accident underlying this case occurred on October 29, 2012, at a railroad grade crossing in Brown County, near Hiawatha, Kansas. This matter is presently before the Court upon Plaintiffs' Motion for Leave to Amend Complaint (Doc. 132) to add Ruth Turner in her individual capacity as the surviving spouse of decedent, Therman Turner.  Defendant Union Pacific Railroad Company objects.  For the reasons explained in detail below, the Court grants Plaintiffs' motion.

I.     **Background**

The original named Plaintiff in this wrongful death and survival action was Ruth Turner, as Next Friend of K.T., a minor.  Kiatona Turner was substituted as the real party in interest after she turned eighteen years of age.[1]  Ruth Turner is the mother of Kiatona Turner and was married to decedent Therman Turner, Sr.  The Turners divorced in January 2010.  Plaintiffs contend that the Turners reconciled fifteen months before Mr. Turner's death, that Ruth Turner was living with Mr. Turner as a spouse at the time of the accident, and both were holding themselves out to others as married.  Plaintiffs request leave to name Ruth Turner as a plaintiff in her individual capacity as the surviving spouse of Therman Turner, Sr.

The original Scheduling Order in this case set the deadline for any motion for leave to join additional parties or otherwise amend the pleadings for September 20, 2013.[2]  An Amended Scheduling Order was entered on December 23, 2013, but did not change the original deadline for amendments or to add or join parties.[3]  A pretrial conference was conducted on September 25, 2014, and the Pretrial Order was entered October 14, 2014.[4]  As reflected in the Pretrial Order, at the time of the pretrial conference, the only amendment to the pleadings requested by Plaintiffs was the substitution of Kiatona Turner as the real party in interest because she had reached the age of majority.[5]  Defendants did not oppose this substitution, which the Court

---

[1]Doc. 128.

[2]Doc. 11 at 9.

[3]Doc. 31.

[4]Doc. 120.

[5]*Id.* at 14, ¶ 6.

2

construed as a motion to amend Pretrial Order and granted.[6]  Two weeks after the entry of the

Pretrial Order, Plaintiffs filed the instant motion seeking leave to amend their complaint for the

third time to add Ruth Turner in her individual capacity.  Plaintiffs subsequently stipulated that

they are dropping their survival claims, and summary judgment was entered on that issue.[7]  Trial

is currently set for April 27, 2015.

## II.      Discussion

The Pretrial Order in this matter was entered on October 14, 2014, and supersedes all

pleadings and controls the subsequent course of the case.[8]  "When an issue is set forth in the

pretrial order, it is not necessary to amend the previously filed pleadings" because "the pretrial

order is the controlling document for trial."[9]  The court may modify a final pretrial order "only to

prevent manifest injustice."[10]  The party moving to modify the pretrial order bears the burden of

demonstrating the applicability of manifest injustice.[11]  Courts look to the following factors to

determine whether to amend or modify a pretrial order: "(1) prejudice or surprise to the party

opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the

orderly and efficient trial of the case by inclusion of the new issue; (4) bad faith by the party

---

[6]Doc. 128.

[7]Doc. 156.

[8]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(b).

[9]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e)).

[10]Fed. R. Civ. P. 16(e); *accord* D. Kan. Rule 16.2(b) (recognizing that the final pretrial order "will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.").

[11]*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

seeking to modify the order."[12]

The Court reluctantly finds that the application of these factors favors allowing the proposed amendment in order to avoid manifest injustice.  As Plaintiffs note, the statute of limitations on Ruth Turner's claim expired October 28, 2014.  With respect to the first factor, Plaintiffs argue that Union Pacific cannot argue prejudice or surprise when she emphatically expressed at her deposition that she was the wife of Therman Turner, Sr.  Plaintiffs do not explain, however, why they waited eight months to seek leave to add Mrs. Turner individually, as her deposition was held in February 2014.  Nevertheless, any bad faith suggested by Union Pacific is negated by Plaintiffs' explanation that counsel was uncomfortable with filing a claim on Ruth Turner's behalf until he had interviewed friends and family members who could adequately speak to the existence of a common law relationship.  In addition, the Pretrial Order includes claims for damages suffered by Ruth Turner, including wrongful death damages and *Wentling* damages, despite her being named only as a Next Friend.[13]

Moreover, any prejudice to Union Pacific if the amendment is allowed may be cured by briefly reopening discovery to Union Pacific on the sole issue of the basis of Ruth Turner's claim and the nature of her relationship with Mr. Turner.  Ruth Turner's spousal status does not affect the dominant issue in this case, which is the alleged negligence of Union Pacific with respect to the fatal accident and the resulting damages to decedents' family members.  As noted, Ruth Turner's claim is limited to an action for wrongful death, as the other Plaintiffs have stipulated to

---

[12]*Id.*

[13]Doc. 120 at 13.

dismissing any survival action on behalf of the estate of Mr. Turner or Ms. Hogle.[14]  Trial remains nearly three months away, and the parties continue to engage in agreed-upon extended limited discovery.[15]  The Court will also grant Union Pacific additional time to contest Ruth Turner's standing via a dispositive motion prior to trial.

For the foregoing reasons, the Court GRANTS Plaintiffs leave to amend the Pretrial Order to add Ruth Turner as a plaintiff in her individual capacity.  The Pretrial Order is hereby amended to include Ruth Turner as a plaintiff in her individual capacity to assert a wrongful death claim as the surviving spouse of Therman Turner, Jr.  No later than **February 13, 2015**, Plaintiff shall serve Union Pacific with relevant disclosures for Ruth Turner's claim, as required by Fed. R. Civ. P. 26(a)(1)(A).  The Court also grants Union Pacific until **March 13, 2015**, to complete any further discovery solely on the added issue of Ruth Turner's wrongful death claim and the nature of her relationship to Therman Turner, Jr.  The Court directs Plaintiffs to cooperate with Union Pacific to facilitate and complete such additional discovery, which may include reconvening the deposition of Ruth Turner for discovery on this issue.  Union Pacific's deadline to file a dispositive motion with respect to Ruth Turner's claim is extended until **March 27, 2015**; Plaintiffs shall file an expedited response on or before fourteen (14) days after any such motion; Union Pacific's expedited reply, if any, shall be filed on or before seven (7) days after the response.

---

[14]Doc. 156 at 14.  The Court also granted Union Pacific summary judgment on Plaintiffs' claims for punitive damages.  *Id*. at 33–34, which also applies to Ruth Turner's wrongful death claim.

[15]Union Pacific has noticed the deposition of Therman Turner, Jr. for February 17, 2015.  Doc. 164. Plaintiffs' deadline to depose Union Pacific's experts is February 13, 2015. Doc. 159.

**IT IS SO ORDERED.**

Dated: <u>February 3, 2015</u>

<u>  S/ Julie A. Robinson  </u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE